Good afternoon, everyone. My name is Justice Aurelia Puczynski, and I'll be presiding today over case 1-24-0655, People of the State of Illinois v. Edward Pleasant. The state is the Appellant, and the defendant is the Appellee in this case. Justice Lavin is not able to be with us by video, but he is listening, and I think if he has any questions, he'll let us know. So we'll move forward on that basis. I'm having a little trouble with the volume on my computer, so if you could please speak up, that would be great. Our normal practice is to give both sides, you know, 5-10 minutes to get their argument done without bothering them too much with questions, but we always recommend start with your best point first. I assure you we've read the briefs, we've read the record, we're familiar with this case, so you don't need to repeat a lot of stuff that's in your brief. Just sort of get to the high points, start with the high points, guys, and then move down if you still have time. And of course, the Appellant should reserve a few minutes at the end for a rebuttal. Okay? So with that, I'm not sure who's representing the state in this case? Amy McGowan for the People. Amy McGowan. Thank you, Ms. McGowan. All right, Ms. McGowan, you're up. May it please the Court. At a third-stage hearing on an actual innocence claim, a circuit court must make credibility determinations and, considering the old and new evidence, determine if what was presented is of such a conclusive character as to warrant relief. Here, the circuit court did not make credibility determinations and did not find the evidence so conclusive as to warrant relief. Therefore, the order granting relief was manifestly erroneous. I understand that. I just want to stop you right there. If that's your highest point, I just, and I apologize for interrupting you, and I said I wouldn't, but if that's your best point, I don't know how you reconcile that the state must make a credibility determination when in 2021, Illinois, at 4th Carter, the appellate court, our colleague said, while it's encouraged, it is not required. Your Honor, it's not required that the court make explicit findings, but it is required that a court make credibility determinations. It has to judge the credibility of the witnesses. Its sole purpose is to test veracity of petitioner's evidence. If we were just accepting the evidence as true, there would be no reason to even have a third stage hearing. So while the court is not required to announce its findings or make them explicit, it is required to make them. Judge Hooks announced that he was not prepared in any way to make a declaration concerning actual innocence at all. He doubled down on this and repeated the statement, emphasizing, I say this by the elements of an actual innocence claim, but nonetheless granted relief because for the purposes of this proceeding, the issues caused pause and were too serious to summarily deny. Now, I understand and accept that a circuit court is not required to make explicit findings, as you were asking, nor is it required to provide reasons for its findings on credibility or on the evidence presented. But this is because a court is presumed to know and apply the law. The record here shows this not to be the case. It's not what the court didn't say, but what the court did say. As I stated, the court said he was not prepared to make an actual innocence finding. This rebuts the presumption that Judge Hooks understood petitioner's extraordinary burden. And there's more. During closing arguments, at the close of the evidentiary hearing, after testimony from witnesses whose credibility the court was supposed to be judging, which I will come back to, and after the presentation of evidence the court was supposed to be considering the conclusive nature of, Judge Hooks interrupted post-conviction counsel to ask why he was talking about a new trial. And quote, maybe I misunderstood, but I thought you were pursuing actual innocence. The court conducted an entire hearing without knowing its purpose. Now, credibility, the court's other job. Despite being asked to by both parties, the court declined to make credibility to findings so as to not abuse its discretion. Had the court understood the law, it would have known that at third stage, this was its duty. Judge Hooks was the fact finder. But out of fear of this court calling him callous or accusing him of abusing its discretion, he said, I would have to make a credibility determination as a jury of one and that he was not willing to substitute my judgment for the judgment of possibly a jury. At this hearing, his role was the fact finder, the jury of one. His primary purpose was to test the reliability, the credibility, the veracity of the evidence. When all of this was brought to the court's attention and the people's motion to dismiss, the people reminded the court again, the elements of an actual innocence claim of its duties and petitioners burden. And post-conviction counsel offered the court all the reasons similar to those of my opponent's brief of why he should stand by his decision. Judge Hooks did not affirm his previously ruling. He took the matter under advisement to review the law and the language. Then the matter came before Judge Coleman, who clearly saw that Judge Hooks did not make a specific finding that petitioner met his burden of establishing the requirements of an actual innocence claim, but found herself in the unique position and that she is not a court of review and being asked to review a ruling after hearing testimony and observing witnesses was difficult. So here we are at the appellate court and the people are asking you to review Judge Hooks' ruling. As I stated in the beginning, the court had two jobs to make credibility determinations and to consider whether the evidence presented in conjunction with the old and new is so conclusive as to probably change the results on each trial. Judge Hooks refused to do the first job and found himself unable to do the second. Therefore, granting relief is manifestly erroneous. Now, at third stage, petitioner bears the extraordinary burden. If the court does not find the burden satisfied, relief should be denied. Petitioner presented his evidence and the court expressly refused to find the actual innocence claim satisfied. However, the people understand petitioner's position and the record does reveal confusion and misapplication of the standards. So if this court finds the hearing inadequate, it should remand for a new hearing. But what this court should not do is affirm the lower court's ruling. And if there are no questions, I'd like to save some time for rebuttal. Any questions, Justice Cox? Well, I just want to make certain that I understand. Now, there was a hearing, a rehearing. Was there a rehearing done in this case and Judge Hooks did not make a ruling at that time? He just took information under advisement? Your Honor, there was a hearing on the people's motion to reconsider. Yes. And then he took the matter as he left the building. I don't know if he left the bench, but it ultimately ended up before Judge Coleman. So he made no ruling. He simply took, I guess, he simply heard argument on the motion for reconsideration. No ruling. But did he indicate, something I read in the record, did he indicate something to the effect that he wasn't clear or that he had to think about or what he had ruled before he could make a ruling on the motion for reconsideration? He did. He said he could not rule on that date, that he had to take it under advisement to review the law and the language that he used and needed to use. I'm sorry. It is clear that the last time Judge Hooks dealt with this case, he did order a new trial after the third stage evidentiary hearing. Is that a correct statement? Yes, that's correct. And then he heard... And then there was a state filed a motion to reconsider. Judge Hooks retired. Another judge said, you know what, I'm not entirely sure what Judge Hooks was basing his decision on, but he's presumed to know the law. So I'm not going to mess with it. Is that right? Yes. Okay. Thank you. Was it that he presumed to know the law? Or I don't remember reading that he was presumed to know the law. That wasn't what she had said. Judge Coleman said that Judge Holman, I'm sorry, Judge Hooks ruled after hearing and observing live witness testimony and her not being a court of review, she wasn't in a position to overrule another judge's ruling made after observing and hearing live witness testimony. But she did find it clear that he did not find Petitioner Met, specifically find that Petitioner Met the burden of an actual innocence claim. And she didn't know what his ruling was based on. All right. Judge Hooks made any comment during the initial hearing. Did he make any comment with respect to credibility? Other than he would not substitute his judgment for that of a jury, that he would not make credibility determinations because the court would say that he abuses discretion. So is it your position that he was required at the third stage to make a credibility determination? Is that your position? Yes, he is required to make a credibility determination. Now, he's not required to announce to the parties what his findings are, what his determination is. But the purpose of a third stage evidentiary hearing is to test the veracity of the evidence, is to put the affidavits to a test. At first and second stage, all the evidence is presumed true. At third stage, that's when the petitioner no longer enjoys that presumption and the court makes credibility determinations, which aren't proper at the first two stages. So ordinarily, when a court is presumed to know and apply the law, they don't have to say, here's what I'm finding on credibility. But when a court explicitly says twice, I am not making credibility determinations, then we know there's an error and that presumption no longer exists. Okay, so Judge Hook said there was a jury, they heard witnesses. Now we have these affidavits from witnesses that the jury never heard from. And he said, for the purpose of this proceeding, the issues raised by the petitioner are too serious for this court to summarily deny his right to a new trial. He's saying, let a jury hear it all. Let a jury hear from these new witnesses that I've just heard from. So we can't guess what was going on in his mind. But we've seen hundreds of judges say, I don't believe him at all, forget it. But Judge Hooks didn't do that. He sat there and he listened to these people and heard their testimony. He heard testimony from, I think, four of finance, none of whom had testified in the original trial. One of whom said she was with the defendant until 306 or something like that, which is after the time of the shooting. One of them said he knew the defendant and knew the defendant wasn't the shooter. So you're arguing that he didn't make a credibility determination. But I think it could be argued that he must have had some shred of belief that their affidavits and their testimony should at least get as far as another jury. Well, Your Honor, he heard from one witness. He heard from Michael Johnson. And he did not make a credibility determination because he said he wasn't. He said this court would say that I was callous or abused my discretion if I substituted my judgment or if I acted as a jury of one. But that was his job. And the other quotes that you referenced, that he would summarily deny this petition, that's a term commonly used in first stage proceedings that enhances the fact that he was applying the wrong standard. Also, the issues cause pause. And while, yes, that does mean that it caused someone to think more closely, arguably, any evidence that made its way to a third stage hearing caused someone to think more closely. But thinking closely is not the extraordinary burden that our Supreme Court described. Any other questions, Justice Copps? Yes, I want to be clear. What is the standard at the second stage? At the second stage, the standard is whether the petitioner made a substantial showing of a constitutional violation and this claim being actual innocence. And at second stage, all allegations are taken as true. So all the contents of affidavits are taken as true. At third stage, they're not. So, say, you're positioned at the third stage. Actually confusing second and third stage? I believe, yes. Yes, I do. I do believe he was confusing all the standards. You know, he used summarily, which applies at first stage. He said he didn't want to abuse his discretion by making credibility to findings, which is a second stage issue. Here we're at third stage, and he had to find a petitioner satisfied the extraordinary burden of an actual innocence claim, and he didn't. And what elevates evidence of his confusion is when he interrupted post-conviction counsel during closing arguments to ask why he was asking for a new trial. Thank you. I have nothing else, Justice Pachinski. Thank you. With that, Ms. Gullish, please. Thank you, Your Honors. Good afternoon, Your Honors. Counsel, may it please the Court. My name is Allison Gullish, and I represent Mr. Edward Pleasant in this appeal. Since 2001, Mr. Pleasant has been incarcerated for a murder he did not commit. Mr. Pleasant was convicted based on the prior statements of witnesses who claimed to see the shooting from hundreds of feet away and recanted at trial, and a state's theory of the case that contained considerable holes and inconsistencies. Even this court on direct appeal found the evidence was closely balanced in this case. That's when Michael Johnson confirmed at this third stage evidentiary hearing that Mr. Pleasant was not, in fact, one of the shooters that night. There was reason this testimony gave the circuit court pause. There was reason the court found it would be callous not to grant Mr. Pleasant a new trial. And there was reason that the court then granted this new trial. While considering all of the evidence, both old and new, the court's confidence in the convictions was undermined. Accordingly, the state cannot meet its burden of proving the circuit court manifestly erred in granting a new trial, and this court should affirm the circuit court's ruling. Nevertheless, the state incorrectly claims that the circuit court failed to determine Mr. Pleasant's actual innocence claim by supposedly failing to find Johnson was sufficiently credible and that the circuit court applied the incorrect standards to the third stage post-conviction proceeding. I'll address each contention in turn. First, the state misunderstands the circuit court's ruling in this case. The state argues the court refused to decide Mr. Pleasant's claim when it said it was not making any declaration concerning actual innocence. But the record shows the court was merely clarifying the distinction between deciding actual innocence and a post-conviction claim of actual innocence. Those are two different distinct things that we're dealing with here. The court specifically said it was not in a position, well, it said it was in a position to decide what relief to grant a new trial, that it was not determining whether or not Mr. Pleasant was innocent. That's a proper statement of the law. That doesn't affirmatively indicate he was misapplying the standards. It affirmatively indicates he knew the standards. In People v. Robinson in 2020, the Illinois Supreme Court clarified this very point on appeal from a first district case. The problem was that the lower courts were consistently erring in finding at these third stage evidentiary hearings that the defendant had to present total vindication or an exoneration standard. And admittedly, it appears the circuit court needed some clarification about that in post-conviction counsel's closing argument. It was asking, aren't we deciding actual innocence? Counsel immediately clarified, yes, but a claim, that's a new trial. Does it make sense that at the outset of the court's ruling, it would delineate that Robinson principle here, that it wasn't deciding innocence, it was deciding whether a new trial was necessary. So Judge Hooks wasn't saying, I'm refusing to decide this claim of actual innocence. Why would he be there at a third stage evidentiary hearing if not to decide the claim? What he was doing is making sure the parties knew, despite potential earlier confusion about what his role was, it had been clarified for him, he understood. Both parties said ad nauseum throughout their closing arguments that this was an issue regarding the believability of Michael Johnson. They said it countless times. There was no confusion here that the issue before the court was the believability of Mr. Johnson, his credibility. So any contention that this statement affirmatively indicated the circuit court did not understand the law, a presumption that a reviewing court operates under, is inaccurate based on this evidence, especially based on this statement. The state also misunderstands the circuit court's, again, admittedly wordy finding that it, quote, would have to make a credibility determination as a jury of one to suggest that nothing raised by the petitioner is the probability of having a different result if a different jury from the first jury were to hear the case with the testimony of the newly discovered evidence. Now, our friends in the fourth district on the appellate court said that we wish that more circuit courts would have written orders. I think that's certainly the case here. But in People v. Howe's fourth district case, the appellate court found the court's comments are far from a model of clarity, but that does not get you to manifest error. And here, it's not clearly evident, plain and indisputable from this statement that the court declined to determine Mr. Johnson's credibility. It necessarily found Mr. Johnson's credit was sufficiently credible because that's inextricable from granting a new trial. It was the only determination at this hearing. He was the only witness. It was the only evidence presented that his credibility was key. And Howe's, as Justice Patencia recognized Carter, said that at a third stage, nothing more than what a judge would find at a bench trial is necessary. You just have to have the ultimate finding. You do not need to make explicit findings. So Judge Coleman, in the motion to reconsider, saying that there was no specific finding and that it was unclear what exactly the ruling was based on is an opposite here. In fact, she found that, quote, part of his ruling was based on the testimony of a witness who I did not have the benefit of hearing. She found that the determination for a new trial was based on this witness testimony. He implicitly made this credibility determination. He had to do so. And nothing in the record affirmatively indicates that counsel, that the court, excuse me, did not understand this rule. As I stated, both parties repeatedly informed the court. It's the entirety of their closing arguments. And I think that the language about jury of one is important in context when we look at post-conviction counsel's arguments on the report of proceeding, page 1327, 1327. Their post-conviction counsel kind of mirrored the argument that the court made in its holding. She said, the question is whether Johnson's testimony was of such a conclusive nature that a new trial was necessary. She then said, the court doesn't act as a juror here. Rather, it asks, does Johnson's testimony put trial testimony in such a different light that a new trial is required? So that sheds light on this, quote, would have to make a credibility determination as a jury of one. The court is saying that the ultimate conclusion here, deciding guilt or innocence, is for the jury, not for him. They are to weigh the ultimate credibility of Mr. Johnson against the remaining evidence in this case. He found the credibility was sufficient. It doesn't have to be perfect, but sufficient for it to go back before a new jury. This is similar to People v. Montes, which both parties cited in our briefs. There, the circuit court said, I cannot say that the witness's credibility is so poor that a jury is not entitled to hear what he has to say. And the appellate court in the Second District found that the court, again, did not need to use the specific words of the standard. As long as nothing in the record affirmatively indicated, the court didn't understand its role. And they found that the statement actually indicated the witness was sufficiently credible and that a jury should consider his testimony. The same here, too, with that statement. The record does not reflect clearly plain, evident, and indisputable error. This is a high standard. Why would Johnson's testimony give the court pause if it did not find it sufficiently credible? Why would the court find it callous to deny a new trial if he didn't believe there was veracity in what he was saying? It wouldn't be callous. If, like many courts have done in the past, they found that this witness, not at all credible, then there's no reason to deny a new trial. Why go through the whole process of a new trial if he didn't think that there was veracity and sufficient credibility to this claim? The state cannot answer these questions as the record does not indisputably show that the circuit court failed to determine Johnson's credibility. Again, the only issue before it when granting a new trial. And to the state's second contention, the circuit court's use of the word summarily deny and post-conviction citation to a second stage case during argument did not affirmatively indicate that the circuit court was confusing the standards and applying a third stage post-conviction standard. There was an entire evidentiary hearing here. As People v. House says, the purpose of a third stage evidentiary hearing is to assess witness credibility. And there's no evidence in the record to suggest that the circuit court believed after this whole hearing took place, where there was a witness testimony presented, that it was there to just review the claims under the first or second stage standards. It did not use language from either of these standards, as Justice Cobbs went over with my opposing counsel here. It didn't say, I'm finding there was a gist of a claim here. I'm finding substantial showing of a claim here. I'm accepting all well-pleaded facts as true. There's nothing in the record to suggest that it's using these other standards. If the court was simply to accept the testimony as true without making a credibility determination, why was there an evidentiary hearing? Why was witness testimony presented? The court understands its role there, and this argument is implausible on its face. Similarly, the state's reliance on post-conviction counsel's citation of Wilson during the closing arguments for this second stage standard that referred to newly discovered evidence, that was one comment for a standard that applied equally at the second stage and the third stage. The circuit court does not cite this case, again, does not cite any of the second stage standards, any of the first stage standards, while it uses the word summarily. That can be a colloquial word that means who just doesn't want to dismiss without going in front of a jury. Other courts have used the term summarily in different contexts. It didn't say summarily dismiss. If we're going to be so careful about our language here, then the court would have used summarily dismiss if it meant first stage. So the state's arguments are far from indisputable proof that the circuit court came to the incorrect conclusion that this evidence warranted a new trial. Thus, we ask this court to reject the state's argument and affirm the decision below. I want to point out that I believe opposing counsel recognized that if this court agrees with the state here, that the appropriate relief is to remand for new evidence for hearing not to affirm Mr. Pleasant's convictions. And then just finally, as a last note, I would note that even if the state had argued against the merits, that argument would also fail as Mr. Johnson's testimony was of such a conclusive character that it undermines the confidence in the verdict. This court can affirm based on any basis in the record. And the state's theory of the case at trial was filled with holes and inconsistencies. It claimed that there was only one shooter firing from building 2310 based on prior statements of two witnesses. But the testimony and physical evidence at trial both contradicted this theory. Witness identification from hundreds of feet away, in one case nearly a whole football field away, is inherently questionable. And this court already found that the evidence in this case was far from overwhelming, which People v. Coleman says is a factor that weighs in favor of a new trial, for fairness sake. And then the testimony that we had at this third stage evidentiary hearing was that there were three shooters, which was consistent with this trial evidence. Multiple bullets from multiple guns. One of the victims was shot on two different sides of her body. The paramedic, who's an unbiased witness in this, that was at the homes there, said he heard multiple shots coming from different places. So Johnson's testimony is actually consistent with the old testimony. So when looking at old and new, it's clear that not only was this not manifest error, but that it's consistent with the circuit court's decision to grant a new trial. Thus, it's reasonably probable that the jury, when presented with this new evidence, would find Mr. Pleasant not guilty. And lastly, I'll note that even if this court disagrees with finding that there should be a new trial, unless this court finds manifest error, that's error that's clearly evident, plain and indisputable error, this court must affirm. The circuit court is in a better position to assess the credibility. Judge Coleman recognized that when she said she can't overturn the conviction. She's in no better, excuse me, the ruling, she's in no better position than this court is here. She's reviewing a cold record, just as this court is here. There was an entire evidentiary hearing in front of Judge Hooks. He was concerned by this evidence. He felt that Mr. Pleasant presented a sufficient actual innocence claim, though he refused to decide whether or not, appropriately refused to decide whether or not he was actually innocent, as that is not his role here. Accordingly, this court should affirm the circuit court's decision and remand for a new trial so Mr. Pleasant can get a new day in court to present his innocence to a new jury. Thank you, your honors. I will take any questions if you have any. Thank you. Any questions, Justice Cox? Yes, just a few. So did Justice Hooks, did Judge Hooks actually make a credibility determination at the initial hearing, the third stage? He did not make an explicit credibility determination, but it's inextricable from the granting of a new trial here. Is there language in his oral ruling that would support a conclusion that he did not? Make credibility determination. Your honor, I don't believe that there's language in the ruling that supports that it did not. At best, that language is ambiguous. He said, quote, he would have to make a credibility determination as a jury of one to suggest that nothing would have the probability of having a different result. So it's a little bit unclear, but lack of clarity isn't what gets manifest error. If this court finds that the state's interpretation or the defense's interpretation are both reasonable, it has to go with, or not even just reasonable, but indisputable. Unless this court finds that the state's interpretation is indisputable, it has to affirm the circuit court's ruling. And that statement is just not indisputable evidence that the court was refusing to make any sort of credibility determination on Mr. Johnson's testimony. Would you agree that he was required to make a credibility determination at that stage? At the second stage, we accept all pleadings as true. Wouldn't you agree that he, at the third stage, he was required to make a credibility determination? Yes, your honor, just not an explicit one. He can just merely say. So then how do you explain in the motion for re-hearing when Judge Hooks makes a comment? I'm not verbatim because I don't have recognition, but he makes a comment to the effect that his ruling or something that he stated might have required clarification. But he did not rule on the motion for reconsideration, by the way. Correct, your honor. So I actually do have it in front of me. And he says that I will read the language in the transcripts because of other obligations. It's going to be a little bit of time. He did end up resigning shortly after this. I'm going to give a full review and attention to what the state raises in terms of reconsideration. And he basically said the parties deserve a clarification and I will give them a clarification. And that he he just thinks that this is serious business. So I don't see this as him saying that he disagrees with his previous statements and his previous findings, but rather that he doesn't want he wants to make sure that he because this is such a serious thing as a new trial, that he wants to make sure that the parties understand exactly why. And maybe he saw the statements that he made and thought they weren't the most clear and the parties deserve to hear that. But then the second judge, Judge Coleman, found Judge Hook's ruling to lack clarity. Am I misreading that? She said that not that the ruling lacked clarity, but that the basis for the ruling lacked clarity. The ruling here is very clear. He multiple times says that there needs to be a new trial. That's that's clear as day from the record. And it's your position that his decision about there needing to be a new trial. Was based on his understanding of what stage of what stage in the proceedings we were dealing second versus third. Did you not get a sense at all that he was simply accepting the pleadings as true, which would suggest second stage? No, Your Honor, I didn't get that sense. Judge Hooks was presiding over this case for the second stage as well. He issued a written order at the second stage, and I believe that Judge Hooks is presumed to know the law without evidence that shows otherwise. So even if there was a sense, it has to be affirmative indication, not just merely a sense for there to be manifest error here. What do you make of Judge Hook's comments? And I think he said it more than once that he was not there to make any determination with respect to actual innocence. Your Honor, that there's a distinction, as in people versus Robinson delineated in the Illinois Supreme Court case, that there's a distinction between finding actual innocence, whether or not a defendant is guilty, re-deciding their guilt and a claim of actual innocence, which asks for a probability, not certainty. That's the key, a probability of whether or not the jury would come to a different conclusion. So he's making it clear that he's not deciding, as the superior higher courts have said more recently, that he's not determining, re-determining guilt. He wants to make sure everybody knows he understands that standard. He's not re-deciding guilt. That is for the jury. He is determining a claim of actual innocence and whether or not a new trial needs to occur. And he said definitively a new trial needs to occur here. He cannot leave the verdict as it is based on this new evidence. I have nothing else. I just want to point out, I mean, when Judge Hook said, I would have to make a credibility determination as a jury of one to suggest that nothing raised by petitioner has the probability of having a different result. If a different jury from the first jury were to hear the case using this newly discovered witness. So in a way, it's a sort of double negative. And I'm taking, me personally, I'm looking at that and saying, well, he's not willing to say that nothing raised the possibility. So he must be saying that something did raise the possibility. And that's, you know, that to me is what that means. But I have a different question. I mean, there was, when we affirmed this case in 2008, we called it closely balanced. We said it was closely balanced. And the new evidence, the new witness is new, non-cumulative. And Judge Hook says, I can't say it would never change the result of the trial. So when he says, we're going to have a new trial, let everybody hear everything, let a new jury decide everything. That to me is how, is a good way to resolve a closely balanced case, especially after a third stage evidentiary hearing. But I'm wondering if, you know, his alternative would be just deny, deny the motion for a new trial, deny the actual innocence. He said he was leaving the actual innocence for another day after a new trial. There's nothing wrong with that. Correct, Your Honor. And I think the point that you just made is that. And that happens all the time. Yeah, it's supposed to happen. He's not supposed to decide actual innocence at this point. I mean, he would give us a certificate of innocence. That's the incorrect standard to apply. And it's clear that Judge Hooks was listening carefully to the new witness. Any other questions? I'm not certain about your actual innocence position, counsel. Can you elaborate? What is the basis of this third stage proceeding? What does the petitioner have to present? The petitioner has to meet three things, that the evidence is newly discovered, it's material and non-cumulative, and that it's so conclusive that it would undermine the confidence in the verdict. So I'm not sure I fully understand your question, Justice Copps. Well, I guess I'm stuck on some of Judge Hooks' preliminary comments at the beginning of the proceeding, wherein he speaks a bit about actual innocence and he's not even close to deciding actual innocence. He doesn't want to touch actual innocence at all. Do you get any sense at all that we are at that stage or that Judge Hooks at that stage is simply accepting the allegations as true? No, Your Honor. I think that Judge Hooks is painstakingly trying to make sure that the confusion that he had earlier during counsel's closing arguments when he said, oh, wait, I thought that we were deciding actual innocence. And she said, no, we're deciding a new trial. That's what happens for a claim of actual innocence. I think he just wants to clarify for the parties and for a reviewing court that he understood that that's where they were at. And that's why he really emphasizes that he's not determining actual innocence. He could have decided actual innocence. It's an option that he had. He just felt that it was more important for this new evidence to be heard by a new jury along with everything else that happened in this case. Is that a correct statement? Your Honor, my understanding of People v. Robinson and People v. Coleman is that at a third stage evidentiary hearing on a claim of actual innocence, the judge is not in a position to re-decide guilt. People v. Coleman says that if the task was determining innocence, then the appropriate relief would be acquittal, not a new trial. But here we're deciding whether or not a new trial is appropriate. Okay. All right. Thank you. Justice Cobbs? I guess I'm just a little flummoxed because he doesn't make a ruling on the motion for reconsideration. Instead, there is now a new judge who, in my view, doesn't make a clear statement about Judge Hook's finding. And am I correct? She does not invite additional evidence or another proceeding in order for her to make a decision about the motion for reconsideration, but pretty much just says, I'm just going to throw up my hands. I didn't hear it. So I'm just going to deny the motion for reconsideration. Did you come away with any clear understanding of why Judge Coleman believed that the motion for reconsideration should be denied? I wasn't as clear. Your Honor, I think that in the Fourth District, in People v. House and People v. Carter, the court goes through and talks about this idea of paralanguage and the qualities that a witness has when they're testifying that isn't tangible in a cold record. And so potentially here on a cold record, maybe Judge Coleman wasn't as comfortable with the ruling that Judge Hooks made. But Judge Hooks was the one who saw the witness testify, and he's the one that said that he was concerned about this testimony. He made no credibility determinations at that proceeding. Absolutely none. He made no explicit credibility determinations at that proceeding. Didn't he actually abdicate the role of making any credibility determinations to another proceeding? Your Honor, like Justice Paczynski said, that's not how the statement there can be interpreted. He would say that he would have to say that nothing presented would change the result, thereby the inverse saying that the testimony that the witness gave could very likely change the result. That's why a new trial was necessary. Well, the fact that Justice Paczynski and I actually disagree, would you agree that reasonable minds could differ? I would absolutely agree that reasonable minds could differ. And in that case, then there's not manifest error. It has to be indisputable. And if there's a dispute, then it has to be affirmed. I have nothing else, Justice. Thank you. Ms. McGowan? Thank you. Petitioner tries to give Judge Hooks the benefit of the doubt, which may be appropriate in most manifest error cases where judges are presumed to know and follow the law. But here, the record defeats each attempt. For example, to say that Judge Hooks was properly distinguishing the elements of an actual innocence claim from actual innocence itself is not a reasonable assumption. Saying that it was finding, sorry, saying that it was not finding actual innocence was how the court started its ruling. Its ruling that immediately followed closing arguments where Judge Hooks interrupted post-conviction counsel to say, I think you're making an argument for a new trial. Maybe I misunderstood, but I thought you were pursuing actual innocence. Clearly, there was a misunderstanding. If Judge Hooks understood the difference, if he understood the elements of an actual innocence claim and the purpose of the hearing he just conducted, he would not have asked such a question. And my opponent points out that summarily is not just used in first stage proceedings, but colloquially, meaning without a jury or a hearing, without the usual formalities. So using it in the midst of conducting an evidentiary hearing, the usual formality, is still incorrect. And to say that Judge Hooks must have found Johnson credible because he granted relief is not reasonable where Judge Hooks twice stated in no uncertain terms that he would not make credibility determinations. The court couldn't have implicitly found the witness credible when it explicitly stated it would not determine its credibility. Judge Hooks refused to assess Johnson's credibility. And the double negative Your Honor brought up, that nothing presented would not change the result, that followed. I would have to substitute my judgment for that of a jury. That was his role at this hearing. Judge Hooks was the finder of fact. His job was to find facts. And while he said, during the motion for a reconsideration, that the parties deserve clarification, he knew that this wasn't done correctly. He realized he messed up or did something wrong. And he was going to try to fix it in his ruling on the people's motion to dismiss, but we didn't get there. At a third stage evidentiary hearing, a court must determine whether petitioner proved the elements of actual innocence claim by a preponderance of the evidence after weighing and assessing the evidence. And here, that did not happen. It is not fair to ask this court to make any determinations for the first time. I cannot argue that the court erred in finding Johnson credible, and here's why. Because the court did not find Johnson credible. I cannot say the court erred in finding the evidence presented was of such conclusive nature as to probably change the results on retrial because the court did not make that finding. So to ask this court to make such findings and be the first court to do so is not proper. For these reasons and those in our brief, we ask that you affirm, I'm sorry, remand for a new hearing. Thank you. Thank you both for your excellent oral argument and excellent briefs. We'll take this matter under consideration, of course, with our colleague, Justice Lavin. And this case, you'll get an order from us sometime soon, I hope. In the meantime, this case is adjourned.